**\*E-FILED 07-11-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHELLE GAZAVE,<br><br>          Plaintiff,<br>   v.<br><br>DAVID YOMTOV; DAVID GAZAVE,<br><br>          Defendants. | No. C11-03070 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>**[Re: Docket No. 2]** |

Presently before the court is plaintiff's application to proceed in forma pauperis. A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the plaintiff's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). Plaintiff's application indicates that her assets and income are insufficient to enable her to prosecute this action.

Nevertheless, a court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, "[i]f the court determines at

1  any time that it lacks subject-matter jurisdiction, the court must dismiss the action."
2  FED.R.CIV.P. 12(h)(3).

3  Here, plaintiff has underlined the words "federal laws" and "constitutional rights" in the portion of her form complaint pertaining to federal question jurisdiction. (Complaint at 1). But, the complaint states only that plaintiff seeks relief for "violation of alimony and the state law of community division (property)." (Complaint at 1). She further alleges that certain assets were not properly divided under state law. (See id. at 4).

4  The domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992); see also McIntyre v. McIntyre, 771 F.2d 1316, 1317-18 (9th Cir. 1985) (same). Here, plaintiff apparently seeks to have this court make determinations as to her rights under state alimony and community property laws. The complaint does not present any facts or legally coherent theories of liability establishing a claim for relief under federal law. Nor is it apparent that there could be any basis for diversity jurisdiction. Accordingly, the undersigned finds that the court lacks jurisdiction over her claims, and further, that the jurisdictional deficiencies in her complaint cannot be resolved by amendment.

5  Because plaintiff has not yet consented to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge dismiss this action for lack of subject matter jurisdiction and deny plaintiff's IFP application as moot.

SO ORDERED.

Dated: July 11, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

1 | 5:11-cv-03070-HRL Notice mailed to:

2 | Michelle Gazave
3 | 207 Pecan Grove Court
San Jose, CA 95123